MATTHEW L. MOHILL
ATTORNEY AT LAW
PO BOX 2294
BEND, OR 97709
PHONE: 541-280-9462 |
FAX: 866-832-0926 |
EM: MATT@MOHILL.US

IN THE UNITED STATES DISTRICT COURT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE ESTATE OF DEZERAY MOLIERI, by and through its Personal Representative, DIANNA DAVIS, <br><br> Plaintiff, <br><br> vs. <br><br> MARION COUNTY, a municipal organization, and JOHN DOES 1-10. <br><br> Defendants. | Case No. 6: 17-cv-1256 <br><br> AMENDED COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.

This case arises out of the wrongful death of thirty-six year old DEZERAY MOLIERI while in the care, custody and control of the Marion County Sheriff's Office and Marion County Jail.

2.

This is an action for Constitutional violations and state law personal injuries suffered by Plaintiff as a result of the unlawful treatment and wrongful death of Decedent, Dezeray Molieri. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Decedent of her federally-protected right to be free of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and the Fifth and Fourteenth Amendment to the United States Constitution.

3.

Plaintiff is the one of the relatives and the Personal representative of the Estate of Dezeray Molieri, and she bring this action on behalf of the Estate pursuant to Oregon Revised Statute 114.305 and as applied through 42 U.S.C. § 1983 and § 1988. At the time of her death, Dezeray Molieri was 36 years old and appeared to be in good physical health, but suffered from mental illness. She died intestate, and Dianna Molieri-Davis has been appointed the administrator of the Estate. Plaintiff brings this action on behalf of the surviving family and the sole heirs at law of Decedent, and as the only persons entitled to recover damages because of Decedent's wrongful death.

4.

As a direct result of the policies, practices, customs and procedures of the Marion County, Decedent was intentionally deprived of food, water, and medical care guaranteed to her by the Eighth Amendment to the United States Constitution and Article 13 and 16 of the Oregon Constitution.

## II. JURISDICTION AND VENUE

5.

This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Eighth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution. The unlawful acts and practices alleged herein occurred in the County of Marion, Oregon, which is within this judicial district.

6.

Venue lies in the U.S. District of Oregon, the District in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

7.

Plaintiff herein Dianna Molieri-Davis, is, and at all times mentioned herein, is a competent adult who appears as the personal representative of The Estate of Dezeray Molieri. Plaintiff is the surviving parent of Decedent. Plaintiff may maintain causes of action and recover damages for the value of decedent's life and decedent's pain and suffering.

8.

Defendant Marion County and Marion County Jail is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of Oregon.

9.

Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

10.

In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11.

In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12.

Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13.

For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under Oregon law. Plaintiff has complied with all applicable requirements.

## IV. FACTS

14.

On or about September 14, 2016, Molieri was arrested for trespassing by the City of Salem Police Department.

15.

On the same day, Molieri appeared in front of Municipal Court Judge Deborah Wilson who ordered that Molieri be taken into custody, transported to the Marion County Correctional Facility wherein she would be held until "commitment papers" were signed and she would then be transported to the Oregon State Hospital. Molieri was not taken into custody for the alleged crime of trespass or for a release violation, rather, because Judge Wilson determined she required mental commitment and was unable to aid in her own defense.

16.

At approximately 10 AM on September 14th, 2016, Officer Gordon Albert transported Molieri to the Marion County Correctional Facility and released her to their custody at approximately 11:15 AM.

17.

At approximately 10 PM on September 14th, 2016, Molieri was placed in her cell at the Jail.

18.

At the time she was placed in her cell and/or prior to that time, Molieri had complained to Deputies that she was not feeling well and that she felt like she needed to throw up. Molieri was provided with a red bio-hazard bag and a cup.

19.

On or about September 15th, 2016 at 7:30 AM, Molieri was found deceased in her cell by her cellmate.

## V. FIRST CAUSE OF ACTION

(Survival action: Violation of Decedent's civil rights)

(42 U.S.C. 1983)

20.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 of this Complaint and also incorporates the entirety of the complaint.

21.

DEZERAY MOLIERI was forced to endure great conscious pain and suffering because the Defendants' conduct before her death.

22.

DEZERAY MOLIERI did not file a legal action before her death;

23.

Plaintiff Dianna Davis, as personal representative of the ESTATE OF DEZERAY MOLIERI claims damages for the conscious pain and suffering incurred by DEZERAY MOLIERI, as provided for under 42 U.S.C. $1983, in addition to her wrongful death claims and said other state and federal claims set forth in this complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## VI. SECOND CAUSE OF ACTION

(Violation of Eighth Amendment of the United States Constitution (42 U.S.C. 1983))

24.

Plaintiff re-alleges and incorporates by reference paragraphs1 through 23 of this complaint.

25.

Defendants' above-described conduct violated decedent's right as provided for under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

26.

Plaintiff further alleges that the manner in which Decedent was detained violated the Oregon Constitution Articles 13 and 16.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## VII. THIRD CAUSE OF ACTION

(Deliberate Indifference to Decedent's Medical Needs)

27.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 of the Complaint.

28.

Decedent was entitled to receive food, water and necessary medical attention while in the care and custody of Marion County. In doing the acts complained of, Defendants, and each of them acted under color of state law to deprive the decedent of food, water, and urgently needed medical care in violation of her rights, under the Eighth Amendment to the US Constitution, Articles 13 and 16 of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment.

29.

As a proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## VIII. FOURTH CAUSE OF ACTION

(Wrongful Death)

(42 U.S. C. 1983 and ORS 30.020)

30.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.

Defendants acted under color of law by depriving Decedent of food, water, and urgent medical care thereby depriving Decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment of the US Constitution and Articles 13 and 16 of the Oregon Constitution

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth Amendment to the United States Constitution and Article 1 Section 9 of the Oregon Constitution.

32.

Plaintiff alleges that said unlawful cruel and unusual punishment caused and/or substantially contributed to the death of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## IX. FIFTH CAUSE OF ACTION

**(Conscious Disregard of Constitutional Rights as Custom, Practice and Policy)**

(42 U.S.C. 1983)

33.

Plaintiff hereby re-alleges and incorporates by reference herein paragraphs1 through 32 of this Complaint.

34.

As against Defendant MARION COUNTY and DOES 1-10 and/or each of them individually and/or in their capacities as official policy-maker(s), the Plaintiff further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of repeated course of conduct by members of Defendant Marion County tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the disregard for the constitutional rights of citizens, such as MOLIERI.

35.

Plaintiff is informed and believes and herein alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Marion County to the repeated violations of constitutional rights of citizens by Marion County Deputies, which

have included, and are not limited to, repeated acts of making false reports, providing false and/or misleading information causing deprivation of rights and those certain freedoms guaranteed under the Fifth and Eighth Amendments of the US Constitution and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

36.

Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violation of the rights of citizens.

37.

Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but limited to, the failure to adequately or appropriately train officers using reality based training workshops and/or simulations.

38.

Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were limited to, the failure to adequately or appropriately train officers regarding detentions, arrests, using force against mentally impaired and/or emotionally disturbed persons, and the failure to provide adequate medical training.

///

///

39.

The aforementioned deliberate indifference, customs, policies or practices of Defendants resulted in the deprivation of the Constitutional Rights and State Rights of the Decedent, including, but not limited to, the following:

    a. the right not to be deprived of life, liberty or property without Due Process of Law;

    b. the right to equal protection of the law;

    c. the right to enjoy civil and statutory rights;

    d. the right to health care, both mental, emotional and physical.

40.

Said rights are substantive guarantees under the Fourth, Fifth, Eighth, and/or Fourteenth Amendments to United States Constitution, and by Articles 13 and 16 of the Oregon Constitution.

41.

As a result of the violation of their constitutional rights by Defendants, Plaintiff sustained the injuries and/or damages alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## X. SIXTH CAUSE OF ACTION

(Wrongful Death - Negligence)

42.

Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

///

///

43.

Defendants and DOES l-10 inclusive, by and through their respective agents and proximately caused the death of Decedent, on September 15, 2016 as a result their negligent conduct and/or negligent failure to act as set-forth herein in this complaint.

44.

As a further actual and proximate result of said Defendants' negligence, Plaintiff incurred burial expenses in an amount according to proof at trial.

45.

Pursuant to Oregon Revised Statutes 114.305, Plaintiff has brought this action and claims damages from said defendants for the wrongful death of decedent and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## XI. SEVENTH CAUSE OF ACTION

(Violation of Decedent's Right To Enjoy Civil Rights)

46.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this complaint.

47.

Defendants' above-described conduct constituted interference and attempted interference, threats, intimidation and coercion with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of Oregon.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

## XII. EIGHTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

48.

Plaintiff re-alleges and incorporates by reference paragraphs1 through 47 of this complaint.

49.

Defendants' above-described conduct was extreme, unreasonable and outrageous.

50.

In engaging in the above-described conduct, Defendants intentionally ignored or disregarded the foreseeable risk that Decedent would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## XIII. DAMAGES

51.

Plaintiff re-alleges and incorporates by reference paragraphs1 through 50 of this complaint.

52.

Plaintiff, ESTATE OF DEZERAY MOLIERI, by and through, Dianna Davis, the personal representative of the Estate of Dezeray Molieri, is entitled to wrongful death damages pursuant to ORS 30.020 and the Oregon Probate Code ORS 114.305; additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant ORS 115.115.  Plaintiff demands therefrom from Defendants the amount of $1.5 Million in general damages and amount to be determined at trial for funeral and burial expenses.

53.

Plaintiff ESTATE OF DEZERAY MOLIERI is entitled to recover damages by DIANNA DAVIS, the personal representative of Decedent's estate pursuant to her right of survivorship for the pain and suffering endured as a result of the violations of her civil rights. Plaintiff demands therefrom from Defendants the amount of $1.5 Million in general damages and amount to be determined at trial for funeral and burial expenses.

54.

Plaintiff found it necessary to engage the services of an attorney to vindicate the rights of the Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and costs pursuant to 42 USC 1988.

### XIV. JURY DEMAND

Plaintiff requests a jury trial on all issues.

///

///

///

///

///

///

///

///

///

///

///

## XV. PRAYER

Plaintiff prays for relief as against all Defendants, as follows:

1. For general damages in an amount to be determined at trial but not less than $1,500,000.

2. For special damages including but not limited to past, present and future wage loss income and medical expenses and other special damages to be determined at trial;

3. For funeral and burial expenses;

4. For punitive damages and exemplary damages in an amount to be determined at trial.

5. For reasonable attorney fees pursuant to 42 U.S.C.$ 1988;

6. For cost of suit herein incurred.

DATED this 16th day of November, 2017

s/ *Matthew Mohill*
_____
Matthew L. Mohill  OSB #070780
Attorney for Plaintiff
PO Box 2294
Bend, OR  97709
Phone: 541-280-9462 |
Fax:  866-832-0926 |
Em: matt@mohill.us

Page 14     AMENDED COMPLAINT